IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TWIN CRIBS, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>TERRY COOPER,<br><br>        Defendant. | CIVIL ACTION<br><br>NO. 1:14-cv-00459-WSD-RGV |

**MAGISTRATE JUDGE'S FINAL REPORT,
RECOMMENDATION, AND ORDER**

This matter is before the Court on defendant Terry Cooper's ("Cooper") affidavit and application to proceed *in forma pauperis*, [Doc. 1],[1] and notice of removal and federal stay of eviction, [Doc. 1-1]. From the documents before the Court, it appears that plaintiff Twin Cribs, LLC ("Twin Cribs") initially filed this action in the Magistrate Court of Fulton County, Georgia, seeking a writ of possession. See [id. at 5]. Cooper, proceeding without counsel, seeks to remove this dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1 & 1-1]. After consideration of Cooper's affidavit of indigency, his request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, because the Court lacks subject matter jurisdiction over the action Cooper seeks to

---

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

remove, it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County.

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place whise such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). When a notice of removal is filed, however, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action. Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1. "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction." Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476, 2007 WL

3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar Inc., 482 U.S. at 392). Under the well-pleaded complaint rule, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc., 482 U.S. at 392; Wilson, 2008 WL 544741, at *1. "In determining the presence of a federal question, this Court looks

to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted). The burden is on Cooper as the removing party to show that the federal court has jurisdiction. Etowah Env't Grp., LLC v. Walsh, Civil Action No. 2:10-CV-180-RWS, 2011 WL 1060600, at *3 (N.D. Ga. Mar. 21, 2011) (citing Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)).

Cooper's attempt to remove this action is deficient in several respects. To begin with, it appears from the documents filed with the notice of removal that Twin Cribs brought this dispossessory action in the Magistrate Court of Fulton County, Georgia, and no federal law or authority is invoked on any documents filed in that court submitted by Cooper for this Court's consideration. Cooper appears to allege, in his petition for removal, that removal is proper on the basis of federal question jurisdiction.[2] See [Doc. 1-1 at 1-2]. In particular, Cooper asserts that Twin Cribs violated "15 USC 1692, Rule 60 of the federal Rule of Civil Procedure: and having

---

[2] On his civil cover sheet, Cooper has checked the box for "U.S. Government Plaintiff" as the basis for jurisdiction, [Doc. 1-2 at 1], but neither of the parties to this action is an agency or entity of the United States government. Nor does Cooper assert that the parties are diverse; indeed, he alleges that the parties are both citizens of Georgia. See [id.]; see also 28 U.S.C. § 1332.

[sic] a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6." [Id. at 1].³ Cooper also asserts that the dispossessory action is in violation of the United States Constitution's protection of due process as granted by the Fourteenth Amendment. [Id. at 2]. Cooper's reliance on these laws appears to be a defense to the underlying state-court dispossessory action, but "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) (citation omitted); see also Gumbs, 2007 WL 3491744, at *4; Wilson, 2008 WL 544741, at *2 (quoting Caterpillar Inc., 482 U.S. at 393). Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense." Dhinoja, 705 F. Supp. 2d at 1381 (citation and internal mark omitted). Alternatively, if Cooper relies on

---

³ Federal Rule of Civil Procedure 60, which provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," Fed. R. Civ. P. 60(a), is a rule of procedure and not substantive law. Thus, if Cooper is trying to assert a cause of action for violation of Rule 60, it "would be inconsistent with the Rule's design and intended implementation." Suarez v. Town of Ogden Dunes, No. 2:05-CV-264 PS, 2006 WL 2982107, at *2 (N.D. Ind. Oct. 17, 2006). Further, 15 U.S.C. § 1692 et seq., which codifies the Fair Debt Collection Practices Act ("FDCPA"), applies only to "debt collectors," which are defined by the act as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . another." 15 U.S.C. § 1692a(6). Twin Cribs is alleged only to have brought a dispossessory action, however, not to have engaged in any debt collection activity governed by the FDCPA. See generally [Doc. 1-1]. Moreover, O.C.G.A. § 51-1-6 is a state statute that cannot form the basis of federal question jurisdiction.

federal law in support of a counterclaim rather than a defense, it is well-settled that a counterclaim cannot serve as the basis for federal question jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (citations omitted). Cooper's allegations are thus insufficient to establish that the Court has subject matter jurisdiction in this case. See Diamond, 2006 WL 839405, at *2.

In short, as "master of the claim," Twin Cribs cannot be subjected to federal jurisdiction in this action, which is exclusively a matter of state law. Caterpillar Inc., 482 U.S. at 392; Wilson, 2008 WL 544741, at *1. Accordingly, the Court does not have federal question jurisdiction over this action and is, therefore, without subject matter jurisdiction. See Dhinoja, 705 F. Supp. 2d at 1381 (remanding case where "the dispossessory claim that forms the basis of this action is exclusively a matter of state law"); see also Finvest Roxboro, LLC v. Bozick, Civil Action File No. 1:13–CV–3678–TWT, 2013 WL 6795232, at *1-3 (N.D. Ga. Dec. 20, 2013), adopted at *1; HSBC Mortg. Servs., Inc. v. Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007) (granting remand where no federal question is present on the face of plaintiff's complaint and the requirements for diversity jurisdiction are not satisfied in dispossessory action).

For the foregoing reasons, Cooper's request to proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED AND RECOMMENDED**, this 24th day of February, 2014.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE