IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TWIN CRABS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>TERRY COOPER,<br><br>      Defendant. | 1:14-cv-459-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Fulton County, Georgia.

**I. BACKGROUND**

On January 31, 2014, Plaintiff Twin Crabs, LLC ("Plaintiff") initiated a dispossessory proceeding against its tenant Defendant Terry Cooper ("Defendant") in the Magistrate Court of Fulton County, Georgia.  The Complaint seeks possession of premises currently occupied by Defendant, plus past due rent, late fees, and costs.

On February 18, 2014, Defendant, proceeding *pro se*, removed the case to this Court by filing his Notice of Removal and an application to proceed *in forma*

*pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  He claims in his Notice of Removal that this action violates "15 USCA 1692," "Rule 60 of the federal Rule of Civil Procedure [sic]," and the "14th Amendment of the U.S. Constitution."

On February 24, 2014, Magistrate Judge Vineyard granted Defendant's application to proceed IFP.  Judge Vineyard also considered *sua sponte* the question of federal jurisdiction and recommends that the Court remand this case to the state court.  Judge Vineyard found that Plaintiff's underlying pleading shows that this action is a dispossessory proceeding that does not invoke a federal question.  Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Vineyard concluded that the Court does not have federal question jurisdiction over this matter.

On March 10, 2014, Defendant filed his "Objections & Responses" [5] to the R&R in which he asserts generally that the Court has diversity jurisdiction over this action and that the R&R violates certain provisions of the United States Constitution.

**II.     DISCUSSION**

    A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.     Analysis

Defendant appears to object to the finding in the R&R that the Court does not have jurisdiction over this action.  Defendant does not object to the R&R's conclusion that Plaintiff's Complaint does not present a federal question.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539

U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002).[1]  The Court does not find any plain error in the conclusion in the R&R that there is no federal questions jurisdiction over the allegations of the Complaint.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  The record does not show that Plaintiff and Defendant are citizens of different states.  The record also fails to show that the amount in controversy exceeds the statutory threshold of $75,000.  See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession,

---

[1] Defendant's general "objections" that the R&R is unconstitutional are without merit.  Defendant states that the R&R: (1) "is unconstitutional with respect to the 'DUE PROCESS CLAUSES' 15th Amendment & 5th Amendment's Due Process [sic]"; (2) "is Unconstitutional with respect to 'Trail by Jury' 7th Amendment of the U.S. Constitution [sic]"; and (3) "is in violation. Of the Bill Of Rights with respect to a trail before Tribunal Court [sic]."  These objections are not comprehensible and are not valid.  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report.").  These objections are required to be overruled.

title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The Court, having considered *de novo* the question of diversity jurisdiction, concludes that diversity jurisdiction is not present in this action and Defendant's objection based on diversity jurisdiction is overruled.

Because the Court lacks both diversity and federal question jurisdiction, this action is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [3] is **ADOPTED**. This action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 2nd day of April, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE